IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.   17-CR-218

SHANE AURAND,

        Defendant.

## PLEA AGREEMENT

The defendant, SHANE AURAND, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 2 of the Indictment which charges a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (Distribution of Child Pornography), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014.

3. The defendant will also admit the Forfeiture Allegation of the Information which alleges that one LG cellphone, model no. LGL62VL, bearing electronic serial no. 801A802D is subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3).

4. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victim as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

5. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration,

a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

6. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

7. The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the

Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.  ELEMENTS AND FACTUAL BASIS

8. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant knowingly distributed a visual depiction;

   b. The visual depiction had been shipped or transported using any means or facility of interstate or foreign commerce, or that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

   c. The visual depiction contained child pornography, as defined in Title 18, United States Code, Section 2256(8); and

   d. The defendant knew that the visual depiction contained child pornography.

## FACTUAL BASIS

9. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about December 31, 2016, in the Western District of New York, the defendant, SHANE AURAND, produced images of child pornography of a 7 year old victim that he was babysitting.

   b. On or about March 13, 2017, in the Western District of New York, the defendant knowingly distributed the images of child pornography, knowing that the images contained child pornography. Specifically, the defendant distributed the images containing child pornography to another person via the Kik messaging application from his LG cellular telephone, Model LGL62VL bearing serial number 801A802D. The defendant

distributed the images with the expectation that he would receive child pornography in return.

### III. SENTENCING GUIDELINES

10. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

11. Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 2251(a).

### BASE OFFENSE LEVEL

12. The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

13. The government and the defendant agree that the following specific offense characteristics do apply:

   a. the four level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years];

   b. the two level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved sexual contact];

   c. the two level increase pursuant to Guidelines § 2G2.1(b)(3) [the defendant knowingly engaged in distribution];

    d.    the two level increase pursuant to Guidelines § 2G2.1(b)(5) [the minor was in the custody and care of the defendant at the time of the offense].

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

14. The government and the defendant agree that the following adjustments to the base offense level do apply:

    a.    The two level upward adjustment of Guidelines § 3A1.1(b) [vulnerable victim].

## ADJUSTED OFFENSE LEVEL

15. Based on the forgoing, it is the understanding of the government and the defendant that the adjusted offense level of conviction is 44

## ACCEPTANCE OF RESPONSIBILITY

16. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 41.

## CRIMINAL HISTORY CATEGORY

17. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the

defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

18. It is the understanding of the government and the defendant that, with a total offense level of 41 and criminal history category of I, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 240 months, a fine of $50,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

19. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

20. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV. STATUTE OF LIMITATIONS

21. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V. GOVERNMENT RIGHTS AND RESERVATIONS

22. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

      d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

23.    At sentencing, the government will move to dismiss the open counts of the Indictment as against the defendant.

24.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.   APPEAL RIGHTS

25.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 18, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

26.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 18, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.    FORFEITURE PROVISIONS

28.    The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct, the defendant utilized computer equipment and other electronic media, which were seized by law enforcement officials incident to his arrest, including but not limited to the following:

      a.    One (1) LG cellphone, model no. LGL62VL, bearing electronic serial no. 801A802D.

29.    Since the cellphone was an instrumentality of the crime, the defendant specifically agrees to the forfeiture or abandonment of the cellphone and all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3), and will be referenced in the __PRELIMINARY ORDER OF FORFEITURE__ and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

30. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

31. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the asset. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of this asset in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

32. The defendant agrees that forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

33. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the

11

sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

34. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

35. This plea agreement represents the total agreement between the defendant, **SHANE AURAND**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
STEPHANIE LAMARQUE
Assistant United States Attorney

Dated: March 23, 2018

I have read this agreement, which consists of 13 pages. I have had a full opportunity to discuss this agreement with my attorney, Michael Seibert, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
SHANE AURAND
Defendant
Dated: 3/23/18, 2018

_____
MICHAEL SEIBERT, ESQ.
Attorney for the Defendant
Dated: 3/23/18, 2018